**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

CARIDAD BAEZ RIOS,

      Plaintiff,

v.

JONES BENITEZ CORPORATION,

      Defendant.

_____/

## COMPLAINT

      Plaintiff, CARIDAD BAEZ RIOS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues JONES BENITEZ CORPORATION, (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

      1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.  Venue is proper pursuant to 28 U.S.C. § 1391.

      2.      The Court has original jurisdiction over Plaintiff's claims arising under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991, codified in 42 U.S.C.§2000e *et seq*.

      3.      The jurisdiction of this Court is invoked to secure protection of and redress the deprivation of rights secured by 42 U.S.C. §2000e et seq. providing for relief against gender and pregnancy discrimination, and retaliation.

      4.      This Court has ancillary jurisdiction over the Florida Civil Rights Act of 1992 claims pursuant to 28 U.S.C. 1367.

      5.      Plaintiff, CARIDAD BAEZ RIOS, is an individual over eighteen years of age,

residing and domiciled in Florida, and is otherwise *sui juris.*

6.      The Defendant, JONES BENITEZ CORPORATION, is a Florida Profit Corporation whose principal place of business is 14877 SW 45TH Court, Miramar, Florida, 33027.

7.      The Plaintiff timely filed her charges of discrimination within 180 days of occurrence of the last discriminatory act.

8.      The Plaintiff timely filed her lawsuit within 90 days of her receipt of her "Right-to-sue" letter from the EEOC.

## FACTUAL ALLEGATIONS

9.      The Pregnancy Discrimination Act was an amendment to Tittle VII of the Civil Rights Act of 1964 which outlawed discrimination on the basis of pregnancy, childbirth, or related medical conditions.

10.      An employer cannot refuse to hire a woman nor discriminate against a current employee because of pregnancy or other related medical conditions, as long as she is able to perform the major functions of her job.

11.      Plaintiff was employed at JONES BENITEZ CORPORATION.

12.      Plaintiff started her employment with Defendant on or about April of 2016 and was hired as an office manager.

13.      Prior to her pregnancy, Plaintiff never received a negative performance review nor any disciplinary action.

14.      Plaintiff was qualified to do the job and did in fact do the job without negative review for almost two years.  In fact, in December of 2017, Plaintiff received a bonus from Defendant.

15.      On or about February 12, 2018, Plaintiff notified Defendant via Yvette Benitez

("Ms. Benitez"), her supervisor and the Company President, that she was pregnant.

16.     Plaintiff notified Defendant that as a result of her pregnancy she would occasionally require time off for medical appointments related to the pregnancy, particularly as Plaintiff suffered from a condition known as polycystic ovary syndrome which carries additional risks for pregnancies.

17.     Plaintiff notified Defendant that she would "make-up" any hours missed, as was the standard policy employed by Defendant.

18.     When other, similarly situated employees, required time off for medical appointments, Defendant allowed the employees to take the time off as long the employee "made up" the missed time by working additional hours to compensate for the lost time.

19.     However, whenever Plaintiff requested time off for a medical appointment, she met resistance, even though Plaintiff, like other employees, compensated Defendant for the missed time by working additional hours during the same work day as her appointment.

20.     Other similarly situated, but not pregnant employees, were able to use the policy to take time off of work for medical appointments.

21.     On or about February 14, 2019, just two days after Plaintiff notified Defendant of her pregnancy, Defendant's agents apparently met with an office manager candidate, in an apparent effort to replace Plaintiff with another non-pregnant employee.

22.     Plaintiff's duties were mainly administerial tasks and she was not prevented from performing any major functions of her job.

23.     Plaintiff requested an accommodation to allow her to perform her employment responsibilities at a different time of the day on days she had medical appointments related to her pregnancy.

24.     On or about February 20, 2019, approximately eight (8) days after Plaintiff notified Defendant of her pregnancy, Defendant offered the Office Manager position to a third-party, Perla Perea.

25.     In a performance review dated March 31, 2018, the only performance review that had been conducted during Plaintiff's term of employment, Defendant provided Plaintiff a fairly negative performance review.

26.     The performance review attributed negative performance for events and responsibilities other than Plaintiff's upon the Plaintiff and was a bad faith pretext for the demotion. The performance review was not provided to Plaintiff until April 13, 2018.

27.     On or about Friday, April 13, 2018, at approximately 6:00 p.m., Defendant via it's agent, Ms. Benitez, presented Plaintiff with an employment agreement which documented Plaintiff's demotion, from her position as Office Manager to Office Assistant.  Defendant used the negative performance review as a pretext for the demotion even though the position had already been offered to a third-party.

28.     Plaintiff informed Defendant that she was uncomfortable signing the binding document prior to speaking with an attorney.

29.     Plaintiff was unable to consult with an attorney over the intervening weekend and returned to work on Monday, April 16, 2018.

30.     On or about April 16, 2018, at 9:00 a.m. Ms. Benitez entered Plaintiff's office and Plaintiff informed her that she had been unable to consult with an attorney over the weekend and requested additional time to sign the document.

31.     Ms. Benitez informed Plaintiff that Plaintiff could not stay if she did not sign the new employment agreement.

32.     Defendant constructively discharged Plaintiff and as a result, Plaintiff has suffered serious economic losses as well as mental pain and suffering.

33.     Defendant also retaliated against Plaintiff through malicious, fraudulent misrepresentations in response to her re-employment claim.  The Plaintiff later prevailed in regards to these claims.

34.     Defendant opposed Plaintiff's claim for re-employment assistance in retaliation for Plaintiff's EEOC Complaint.

35.     Defendant even references the EEOC complaint Plaintiff filed in its response to Plaintiff's re-employment claim.

36.     As a result of Defendant's opposition, Plaintiff's initial re-employment claim was declined, causing her to appeal her decision and further delay her compensation.  Plaintiff ultimately prevailed on these claims.

37.     Plaintiff is entitled to punitive damages because Defendant's actions were wanton, willful, malicious, and recklessly indifferent to Plaintiff's protected rights.

## COUNT I
## VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

38.     Plaintiff re-incorporates paragraphs 1-37 as if fully set forth herein.

39.     The Plaintiff was an employee as defined by 42 U.S.C. §2000 (e)(f) because she was an individual employed by the Defendant employer.

40.     The Defendant was an employer within the meaning of the Civil Rights Act of 1991 in that it employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 42 U.S.C. §2000(e)(b).

41.     The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of 1991", 42 U.S.C. §2000e *et seq.*

42.     The Plaintiff timely filed her charges of discrimination within 180 days of occurrence of the last discriminatory act. 42 U.S.C. §2000 e-5(e)(1).

43.     The Plaintiff timely filed her lawsuit within 90 days of his receipt of her "Right – to-Sue" letter from the EEOC. 42 U.S.C. §2000 e-5 (f)(1).

44.     The Plaintiff is a member of a protected class, she is a pregnant female.

45.     The Defendant discriminated against the Plaintiff with respect to her compensation, terms, conditions, and privileges of employment based on her sex, more precisely on the basis of her status as a pregnant woman.

46.     The Defendant discriminated against the Plaintiff with respect to her compensation, terms, conditions, and privileges of employment based on her sex/pregnancy when it, including, but not limited to, wrongfully provided her with a poor evaluation, made the decision to demote her based on her pregnancy, made the decision to replace her based on her pregnancy, and eventually constrictively discharged her.

47.     The Defendant could have accommodated Plaintiff's request for an accommodation in the form of allowing her time off for medical appointments.

48.     The requested accommodation would not have caused the employer any hardship, much less undue hardship.

49.     As a result of the Defendant's willful and unlawful violations of the Civil Rights Act of 1991, the Plaintiff has been caused to suffer loss of wages or salary, loss of benefits, loss of other compensation, liquidated damages, loss of out of pocket expenses, emotional distress,

humiliation, embarrassment, constructive discharge, and loss of career.

WHEREFORE, as a result of the Defendant's willful and unlawful violations of the Civil Rights Act of 1991, the Plaintiff is requesting this Court award Plaintiff:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   Liquidated damages;

    d.   Attorney's fees and costs of litigation; and

    e.   Any such other relief the Court deems necessary and just.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

50.      Plaintiff re-incorporates paragraphs 1-37 as if fully set forth herein.

51.      The Defendant was an employer within the meaning of FLA. STAT. 760.02 in that it employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

52.      The Plaintiff has fulfilled all conditions precedent to the institution of this action.

53.      At all material times, Plaintiff was a pregnant female, and therefore a member of a protected group pursuant to FLA. STAT. 760.10.

54.      The Plaintiff was qualified for the position of Office Manager and held the position for approximately two years with no negative performance reviews or disciplinary action, prior to her pregnancy.

55.      The Defendant discriminated against the Plaintiff with respect to her compensation, terms, conditions, and privileges of employment based on her sex, more precisely on the basis of her status as a pregnant woman.

56.      The Defendant discriminated against the Plaintiff with respect to her

compensation, terms, conditions, and privileges of employment based on her sex/pregnancy when it, including, but not limited to, wrongfully provided her with a poor evaluation, made the decision to demote her based on her pregnancy, made the decision to replace her based on her pregnancy, and eventually constrictively discharged her.

57.     The Defendant could have accommodated Plaintiff's request for an accommodation in the form of allowing her time off for medical appointments.

58.     Plaintiff was wrongfully discharged by Defendant due to her status as a pregnant female.

59.     Her status as a pregnant woman was a motivating factor for her poor performance review, replacement, and ultimately her constructive termination.

60.     As a result of the discriminatory actions by Defendant, Plaintiff suffered serious economic loss and mental pain and suffering.

WHEREFORE, as a result of Defendant's willful and unlawful violation of FLA. STAT. 760.10 Plaintiff requests this Court:

a.  Enter an order prohibiting Defendant from the discriminatory practice;

b.  Award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

c.  Award punitive Damages;

d.  Award attorney's fees and costs; and

e.  Any such other relief the Court deems necessary and just.

## COUNT III
## RETALIATION

61.     Plaintiff re-incorporates paragraphs 1-37 as if fully set forth herein.

62.     Plaintiff engaged in a protected activity by filing a claim for pregnancy

discrimination with the EEOC.

63.     Defendant opposed Plaintiff's re-employment claim, causing Plaintiff further delay to much needed compensation.

64.     In retaliation for Plaintiff's EEOC complaint, Defendant opposed Plaintiff's re-employment claim, even referencing the EEOC complaint in its response to Plaintiff's re-employment claim.

65.     Plaintiff filed her re-employment compensation in the same temporal period she filed her EEOC charge of discrimination.

66.     But for Plaintiff's EEOC charges, Defendant would not have opposed the re-employment claim.

WHEREFORE, as a result of the Defendant's willful and unlawful violations of the Civil Rights Act of 1991, the Plaintiff is requesting this Court award Plaintiff:

a.  Compensatory damages, including damages for lost benefits and any prejudgment interest;

b.  Punitive damages;

c.  Liquidated damages;

d.  Attorney's fees and costs of litigation; and

e.  Any such other relief the Court deems necessary and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all such triable issues.

Dated: May 23, 2019

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
aquezada@lawgmp.com and
gcabrera@lawgmp.com

By: ___*/s/_Anthony J. Perez*_____
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713